IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 24-10017-JDB |
| ) | |
| KEITH BROOKS ) | |
| ) | |
| Defendant. ) | |

ORDER CONFIRMING EVIDENTIARY HEARING
ON DEFENDANT'S MOTION TO SUPPRESS

Before the Court is the motion of Defendant, Keith Brooks, to suppress evidence. (Docket Entry ("D.E.") 28.) Plaintiff, United States of America ("Government"), has responded. (D.E. 32.) An evidentiary hearing on the matter is set for August 28, 2024. For the reasons set forth below, the Court determines that an evidentiary hearing is necessary.

In his motion the Defendant argues that "there is no possible way that the officers could have smelled raw marijuana prior to entering [his] home, or upon entering his home, given the manner in which the marijuana was stored/contained in a sealed glass jar." (D.E. 28 at PageID 167–68.) In response, the Government contends that the question of whether the officers could have smelled the marijuana is not a factual issue that requires an evidentiary hearing. (D.E. 32 at PageID 191). As the Sixth Circuit has explained, "[a]n evidentiary hearing is required 'only if the motion [to suppress] is sufficiently definite, specific, detailed, and non-conjectural to enable the court to conclude that *contested issues of fact* going to the validity of the search are in question.'" *United States v. Abboud*, 438 F.3d 554, 577 (6th Cir. 2006) (quoting *United States v. Downs*, No. 96-3862, 1999 WL 130786, at *3 (6th Cir. Jan. 1999) (unpublished table decision)). Here, the

Defendant argues that absent the information regarding the odor of the marijuana, the affidavit accompanying the search warrant was insufficient. (D.E. 28 at PAGEID 169–70.) Because this argument goes to the validity of the subsequent search, the Court finds that the question of whether the officers could have smelled the marijuana constitutes a contested issue of fact requiring an evidentiary hearing. Thus, the August 28, 2024, hearing on the Defendant's motion to suppress will remain on the Court's docket.

    IT IS SO ORDERED this 21st day of August 2024.

                                                         <u>s/ J. DANIEL BREEN</u>
                                                         UNITED STATES DISTRICT JUDGE